IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03038-RM-KLM

WESLEY R. BROWN,

    Plaintiff,

v.

BECKY SHOE, Supervisor for Colorado Bureau of Investigations Insta Check Unit,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)** [#18][1] (the "Motion"). Plaintiff, who is proceeding pro se,[2] filed a Response [#23] in opposition to the Motion [#18]. Defendant did not file a reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion [#18] has been referred to the undersigned for a recommendation regarding disposition. *See Memorandum* [#19]. The Court has reviewed the Complaint [#1], the Motion [#18], the Response [#23], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the

---

    [1] [#18] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

    [2] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#18] be **GRANTED**.

## I. Summary of the Case

In short, Plaintiff is suing Defendant in her official capacity based on her denial of Plaintiff's application to purchase a firearm.[3] *Compl.* [#1] at 3. Plaintiff is a homeless, four-time-convicted felon with paranoid schizophrenia. *Id.* at 3, 15. On November 20, 2015, Plaintiff tried to purchase a revolver and was denied. *Id.* at 3, 13. On December 1, 2015, Plaintiff appealed the decision and was denied again because of his prior felony convictions and mental health adjudication. *Motion* [#18] at 1; *Pl. Ex. to Compl.* [#1-10] at 6-7. Consequently, Plaintiff filed a complaint ("first complaint") in Civil Action No. 15-cv-02730-MEH. The Court dismissed the action for lack of jurisdiction and Plaintiff appealed. The Tenth Circuit Court of Appeals affirmed the Court's ruling but remanded the case for dismissal without prejudice. *Brown v. Shoe*, 703 F. App'x 665, 667-68 (10th Cir. 2017).

Plaintiff filed this suit on December 15, 2017, asserting claims under 42 U.S.C. § 1983. *Compl.* [#1] at 4. Plaintiff asserts seven claims challenging the constitutionality of various federal and state laws preventing felons and people adjudicated as having mental health issues from buying and possessing firearms. *Id.* at 4. Plaintiff directs only two of his seven claims at Defendant: (1) Plaintiff "sues Defendant . . . because he seeks declaratory and injunctive relief to prevent future denials of firearm transfers," and (2) Plaintiff alleges that he has not been adjudicated as "a mental defective" and therefore the police should not consider his mental health issues when assessing his firearm application.

---

[3] All well-pled facts from the Complaint [#1] are accepted as true and viewed in the light most favorable to Plaintiff. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

*Id.* at 13-15.

Defendant filed the present Motion arguing that the claims against her are barred under the theories of res judicata and collateral estoppel and that the claims should be dismissed because they were filed outside the applicable statute of limitations. *Motion* [#18] at 3-8. In his Response, Plaintiff argues that his claims are not barred by the statute of limitations because (1) it should have tolled on June 3, 2016 (when he filed his Notice of Appeal with the Tenth Circuit Court of Appeals in 15-cv-02730-MEH and paid his filing fee) and restarted when the Appellate Court remanded the case back to the District Court, and (2) extraordinary circumstances prevented him from filing within the statute of limitations. *Response* [#23] at 12.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do.  Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citations omitted).

"Dismissing a claim under Rule 12(b)(6) on the basis of an affirmative defense is only proper where that defense is clear from the face of the complaint. *Martinez v. City & Cty. of Denver*, No. 08-CV-01503-PAB-MJW, 2010 WL 1380529, at *3 (D. Colo. Mar. 31, 2010). "[R]ule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *See Bullington v. United Air Lines, Inc.,* 186 F.3d 1301, 1310 n.3 (10th Cir.1999) (*abrogated on other grounds by National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002); *see also Cosgrove v. Kansas Dept. of Social and Rehabilitation Services,* 332 F. App'x 463, 467 (10th Cir.2009) (unpublished) ("[T]he statute of limitations is an affirmative defense, and to dismiss a claim pursuant to Rule 12(b)(6) on this basis it must be clear from the face of the complaint that the claims are time-barred.").

### III.  Analysis

Defendant argues that the claims against her should be dismissed because they were filed outside the applicable statute of limitations.  *Motion* [#18] at 6.  The Complaint [#1] does not explicitly address the statute of limitations.  Plaintiff's Response seems to argue that (1) the statute of limitations began running when he filed the first complaint; (2) it should have tolled on the day he filed and paid for his appeal until the Court of Appeals remanded the case; and (3) that his alleged exceptional circumstances merit equitable tolling.  *Response* [#23] at 12.  The Court first examines the proper statute of limitations, then determines whether the statute of limitations was tolled.

## A.  Statute of Limitations

Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). In Colorado, the limitation on a personal injury claim brought pursuant to Section 1983 is two years. *See* COLO. REV. STAT. § 13–80–102(1)(g) (2014) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying COLO. REV. STAT. § 13–80–102 to a § 1983 claim).

However, federal law rather than state law determines when a cause of action accrues. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Pursuant to federal law, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969. That is, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted).

Defendant argues that the statute of limitations began running either on November 20, 2015—the day Plaintiff attempted to purchase a gun but was denied—or on December 1, 2015—when Defendant denied Plaintiff's appeal. *Motion* [#18] at 7. To the extent Plaintiff addresses this issue, he seems to argue that the statute of limitations began running on December 16, 2015, the day he filed his first complaint in Civil Action No. 15-cv-

2730-MEH. *Response* [#23] at 12.

The statute of limitations begins running when the plaintiff knows or *should know* about his injury, not when a plaintiff files his complaint. *See Indus. Constructors Corp.,* 15 F.3d at 968 (emphasis added). At the latest, Plaintiff should have known about his injury on December 1, 2015; therefore, his deadline to file a timely complaint under the two-year statute of limitations was December 1, 2017. *See* COLO. REV. STAT. § 13–80–102(1)(g) (2014). Plaintiff filed his Complaint [#1] on December 15, 2017, which is outside the two year statute of limitations regardless of whether the statute of limitations began running on November 20, 2015, or December 1, 2015. *Compl.* [#1].

Accordingly, the Court finds that the statute of limitations began running no later than December 1, 2015, and, in the absence of any exception, Plaintiff's lawsuit is untimely.

**B.      Statutory Tolling and the Savings Statute**

Plaintiff argues that the statute of limitations should have tolled during the appellate process on his first lawsuit, 15-cv-02730-MEH. *Response* [#23] at 11-12.

"[W]hen a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him." *Bynum v. Municipality, City & Cty. of Denver*, 550 F. App'x 560, 562 (10th Cir. 2013) (citing *King v. W. R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982)). Therefore, because COLO. REV. STAT. § 13–80–102 does not permit deducting litigation time from the statute of limitations, Plaintiff's argument fails. *See generally Compl.* [#1]; *See* COLO. REV. STAT. § 13–80–102; *Glaser v. City & Cty. of Denver, Colo.*, 557 F. App'x

689, 699 (10th Cir. 2014).

Additionally, although neither party addressed COLO. REV. STAT. § 13–80–11 (the "savings statute,") the Court notes that a plaintiff has ninety days from the termination of an original action that was dismissed because of lack of jurisdiction or improper venue to file a new case based on the same cause of action. COLO. REV. STAT. § 13–80–111(1). A plaintiff may file anytime within the ninety-day time frame irrespective of when the statute of limitations expires. *Id.* This statute applies to actions brought in both federal and state courts. COLO. REV. STAT. § 13–80–111(2). All of Plaintiff's claims in 15-cv-02730-MEH were dismissed because of lack of jurisdiction, thus the savings statute applied to these claims. *See generally Brown v. Shoe*, 703 F. App'x 665 (10th Cir. 2017); COLO. REV. STAT. § 13–80–111(1). However, the statute does not save Plaintiff's claims here. The Court of Appeals dismissed Plaintiff's previous case on July 25, 2017, giving Plaintiff until October 23, 2017 to file his Complaint [#1]. Because Plaintiff filed the Complaint [#1] on December 15, 2017, the savings statute does not revive Plaintiff's claims.

Accordingly, the Court finds that the statute of limitations was not tolled during any portion of the pendency of Plaintiff's prior lawsuit in 15-cv-02730-MEH, and that the savings statute does not apply.

**C.     Equitable Tolling**

"Equitable tolling may save a plaintiff's claims from a statute of limitations defense, but, under Colorado law, courts rarely apply the doctrine." *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1272 (D. Colo. 2009) (citing *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000)). Courts only equitably toll a statute of limitations (1) when the defendant's wrongful acts

prevented the plaintiff from filing within the appropriate time, or (2) when exceptional circumstances prevented the plaintiff from filing within the statute of limitations. *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096-97 (Colo. 1996).

Neither party argues that Defendant's behavior prevented Plaintiff from filing his lawsuit by December 1, 2017, thus the Court restricts its analysis to whether exceptional circumstances equitably tolled the statute of limitations. *See generally Compl.* [#1]; *Motion* [#18].

Plaintiff fails to provide any explicit or compelling allegations that exceptional circumstances prevented him from filing this case within the statute of limitations. *See generally Compl.* [#1]. Plaintiff alleges that his inability to pay the filing fee for the Complaint [#1] rises to the level of extraordinary circumstances because it "took him at least four months to save for filing and service of process."[4] *Response* [#23] at 11-12. However, circumstances only rise to the level of extraordinary when they "make it impossible for the plaintiff to file his or her claims within the statutory period . . . ." *Hartman*, 911 P.2d at 1097. Therefore, the inability to fund a lawsuit does not rise to the level of extraordinary. *See generally Hanger v. Abbott*, 73 U.S. 532 (1867) (finding extraordinary circumstances tolling the statute of limitations when the Civil War forced southern courts to close); *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590 (9th Cir. 1991) (applying equitable tolling when a lower court enforced an unconstitutional statute, preventing the plaintiff from filing within the appropriate statute of limitations), *rev'd on other grounds,* 503 U.S. 429, (1992); *Osbourne v. United States*, 164 F.2d 767 (2d Cir. 1947) (holding that the

---

[4] Plaintiff's request to proceed in forma pauperis in 15-cv-02730-MEH was denied. Plaintiff did not apply to proceed in forma pauperis in this case.

plaintiff's internment in Japan during World War II tolled the statute of limitations on his claim that arose shortly before his internment because he lacked access to the courts).

The Court therefore finds that Plaintiff did not adequately assert exceptional circumstances, thus the Court finds that equitable tolling due to exceptional circumstances is inappropriate in this case. *See generally Compl.* [#1].

Thus, the Court respectfully **recommends** that the Motion [#18] be **granted** and that the federal claims in Plaintiff's Complaint [#1] be **dismissed with prejudice**.[5]

Plaintiff also asserts state law claims. *See generally Compl.* [#1]. Generally, the Court may exercise jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction over a state law claim where it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). It is proper for a federal court to decline to exercise supplemental jurisdiction over state law claims where the court's basis for exercising jurisdiction over the case was pursuant to a federal question on which the court grants a dispositive motion, and where the court would not have diversity jurisdiction over the parties. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).

Accordingly, the Court **recommends** that supplemental jurisdiction be declined over Plaintiff's state law claims and that these claims be **dismissed without prejudice**. *See*

---

[5] The dismissal of an action pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial. *Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983). However, due to heightened concerns when the plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine*, 241 F.3d at 1275. As noted above, the Court finds that allowing Plaintiff to refile his Complaint [#1] would be futile.

*Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (stating that where supplemental jurisdiction is declined over state law claims, those claims must be dismissed without prejudice).

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#18] be **GRANTED.**

IT IS FURTHER **RECOMMENDED** that the Complaint [#1] be **DISMISSED with prejudice in part and without prejudice in part**.

IT IS **RECOMMENDED** that the Complaint [#1] be **dismissed with prejudice** with respect to Plaintiff's federal law claims.

IT IS **RECOMMENDED** that the Complaint [#1] be **dismissed without prejudice** with respect to Plaintiff's state law claims.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 10, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge